UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRY BRADY AND GLENDA BRADY | CIVIL ACTION |
| VERSUS | NO. 18-3350 |
| TAYLOR SEIDENBACH, INC. ET AL. | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is plaintiffs' motion to remand to state court.[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

This case arises out of plaintiff Terry Brady's alleged asbestos exposure. Mr. Brady alleges that he was exposed to asbestos at various workplaces.[2] The relevant period of employment for purposes of this motion to remand is Mr. Brady's service in the U.S. Navy from 1968 to 1989 as a Machinists Mate and Master Chief aboard several vessels.[3] Mr. Brady testified in a deposition that while he was aboard the USS Robert A. Owens, the vessel was docked at

---

[1]   R. Doc. 25.
[2]   R. Doc. 25-4 at 7 ¶ 2.
[3]   *Id.* at 8 ¶ 6.

Avondale Shipyards for feed pump refurbishment.[4] According to Mr. Brady, he had little interaction with the shipyard workers while at Avondale and took orders only from his Naval officers.[5] Mr. Brady alleges that he developed lung cancer because of his exposure to asbestos.[6]

On February 8, 2018, Mr. Brady and his wife, Glenda Brady, filed an action in state court for negligence. Plaintiffs named numerous defendants, including Huntington Ingalls, Inc. (Avondale).[7] Plaintiffs' negligence allegations against Avondale include failure to warn, failure to provide a safe environment, and failure to employ safe procedures for handling asbestos.[8] Avondale removed this case to federal court on March 28, 2018.[9] In its notice of removal, Avondale asserted that this Court has subject matter jurisdiction under 28 U.S.C. § 1442(a)(1), because plaintiffs' claims are for or related to acts performed under color of federal office.[10] In response, plaintiffs moved to remand this action to state court.[11]

---

[4] R. Doc. 42-1 at 5-6.
[5] *Id.* at 7-10.
[6] R. Doc. 25-4 at 9 ¶¶ 7, 10.
[7] *Id.* at 7. Huntington Ingalls, Inc. was formerly known as Northrop Grumman Ship Systems, Inc. and Avondale Industries, Inc. *See id.*
[8] *Id.* at 11-13 ¶¶ 14-16.
[9] R. Doc. 1.
[10] *Id.* at 2.
[11] R. Doc. 25.

## II. LEGAL STANDARD

The federal officer removal statute permits an officer of the United States, "or any person acting under that officer," to remove to federal court a civil action or criminal prosecution brought against them "in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). The party asserting jurisdiction under this statute bears the burden of establishing that federal jurisdiction exists. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998).

The purpose of the federal officer removal provision is to protect the lawful activities of the federal government from undue state interference. *See id.* (quoting *Willingham v. Morgan*, 395 U.S. 402, 406 (1969)). Because the federal government "can act only through its officers and agents," it has a strong interest in ensuring that the states do not hinder those officers in the execution of their duties. *Id.* (quoting *Willingham*, 395 U.S. at 406). Moreover, "removal of the entire case is appropriate so long as a single claim satisfies the federal officer removal statute." *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 463 (5th Cir. 2016).

Because of its broad language and unique purpose, the federal officer removal statute has been interpreted to operate somewhat differently from the general removal provision. Unlike the general removal statute, which

must be "strictly construed in favor of remand," *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), the federal officer removal provision must be liberally construed. *Watson v. Philip Morris Co., Inc.*, 551 U.S. 142, 147 (2007). A case against a federal officer may be removed even if a federal question arises as a defense rather than as a claim apparent from the face of the plaintiff's well-pleaded complaint. *See Zeringue v. Crane Co.*, 846 F. 3d 785, 789-90 (5th Cir. 2017). Additionally, removal under § 1442(a)(1) does not require the consent of co-defendants. *See Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014).

### III. DISCUSSION

Avondale removed this case to federal court based on its work as a military contractor.[12] *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 504 (1988) (recognizing federal contractor immunity). The Fifth Circuit has adopted a three-part test to determine whether a government contractor may invoke 28 U.S.C. § 1442(a)(1). The contractor must show that: (1) it is a "person" within the meaning of the statute; (2) it acted pursuant to a federal officer's directions, and a causal nexus exists between its actions under color of federal office and the plaintiff's claims; and (3) it has a colorable federal

---

[12] R. Doc. 1 at 3-4.

4

defense to the plaintiff's claims. *Winters*, 149 F.3d at 398-400. In their motion to remand, plaintiffs concede that Avondale is a person within the meaning of the statute.[13] The parties principally contest the causal nexus element.

As an initial matter, Avondale argues that a 2011 amendment to the removal statute replaced the causal nexus test with a less restrictive test.[14] Before 2011, the statute permitted removal by a federal officer who is sued "for any act under color of such office." Congress amended the statute in 2011 to permit removal by an officer in suits "for *or relating to* any act under color of such office." 28 U.S.C. § 1442(a)(1) (emphasis added). The Fifth Circuit has applied this amended standard in at least four published decisions. *See Legendre v. Huntington Ingalls, Inc.*, 885 F.3d 398 (5th Cir. 2018); *Zeringue*, 846 F.3d 785; *Savoie*, 817 F.3d 457; *Bartel v. Alcoa S.S. Co.*, 805 F.3d 169, 174-75 (5th Cir. 2015). The amendment appeared to have no bearing on the court's analysis in *Bartel*. 805 F.3d at 174. In *Zeringue*, the court noted that the 2011 amendment broadened the reach of the causal nexus requirement. 846 F.3d at 793-94 ("Although the court cannot attenuate the causal nexus requirement 'to the point of irrelevance,' the plain

---

[13] R. Doc. 25-3 at 3.
[14] R. Doc. 42 at 15.

5

import to the phrase 'relating to' is that *some* attenuation is permissible, attenuation which is irreconcilable with Zeringue's proposed requirement of precise federal direction." (footnote omitted)). But the *Zeringue* court also explicitly reaffirmed *Bartel*. *Id.* at 794. The court distinguished the negligence claims at issue in *Bartel* from the strict liability claims that justified removal in *Zeringue*. *Id.* Moreover, the Fifth Circuit in *Legendre* explicitly addressed the contention that *Bartel* had incorrectly applied pre-2011 precedent. *Legendre*, 885 F.3d at 403. The Fifth Circuit held that the rule of orderliness precluded it from re-examining *Bartel* and noted that the argument needed to be presented to the en banc court. *Id.* *Bartel* and its progeny are therefore binding, and Avondale's challenge to the Fifth Circuit's pre-2011 causal nexus test is not properly before this Court.

Plaintiffs argue that the causal nexus element is not satisfied because the Navy had no control over safety at Avondale. Plaintiffs submit the deposition of Peter Territo, an Avondale safety officer.[15] Territo testified that Navy inspectors neither controlled the Avondale safety department, nor directed Avondale to follow certain safety policies or procedures.[16] Plaintiffs also submit the affidavit of Felix Albert, a ship inspector for the U.S. Navy

---

15    R. Doc. 25-6.
16    *Id.* at 4-5.

who worked at Avondale from 1965 to 1976.[17] Albert attests that Avondale employees did not work under the direct orders of a ship inspector during the construction of governing vessels, and that they did not act under the direction of a ship inspector.[18] Mr. Albert further attests that government inspectors neither monitored nor enforced safety regulations.[19]

Fifth Circuit precedent does not support Avondale's right to remove on this record. Under similar circumstances, the Fifth Circuit has held that a military contractor does not satisfy the causal nexus requirement for negligence claims unless the federal government has some control over the contractor's safety practices. *See Bartel*, 805 F.3d at 174-75. In *Bartel*, the plaintiffs were merchant mariners who were allegedly exposed to asbestos aboard government-owned but privately operated ships. *Id.* at 172. Like Mr. Brady, the plaintiffs in *Bartel* asserted only negligence claims, such as failure to warn, failure to adopt safe procedures, and failure to train. *Id.* at 171. The defendants argued that "the Navy's mere ownership and theoretical control of the vessels provides an adequate 'causal nexus.'" *Id.* at 172. The Fifth Circuit rejected this argument because "[t]here [was] no evidence that the government ever issued orders of any kind, let alone orders relating to safety

---

[17] R. Doc. 25-7.
[18] *Id.*
[19] *Id.*

procedures or asbestos." *Id.* at 174. In other words, there was no evidence that the government exercised any control over the vessels other than ownership. The defendants were therefore "free to adopt the safety measures" urged by the plaintiffs. *Id.* The court held that remand was required. *Id.*

The Fifth Circuit has consistently reaffirmed *Bartel*'s analysis. In *Savoie*, for example, the court held that the federal government's mandate of asbestos insulation did not cause Avondale to engage in alleged negligent conduct. 817 F.3d at 462. The plaintiffs in *Savoie* alleged both negligence, such as failure to take reasonable precautions and failure to warn, and strict liability. *See id.* at 460. The court held that the government's specifications requiring the use of asbestos, which Avondale was contractually obligated to follow, sufficed to show a causal nexus between the *strict liability* claims and Avondale's actions under the color of federal authority. *Id.* at 465-66. The *negligence* claims, on the other hand, did not satisfy the causal nexus requirement for the reasons articulated in *Bartel*. *Id.* at 463. The Fifth Circuit again reaffirmed *Bartel* in both *Zeringue* and *Legendre*. *Legendre*, 885 F.3d at 402 ("*Bartel* instructs that § 1442 does *not* support removal where defendant government contractors 'were free to adopt the safety measures the plaintiffs now allege would have prevented their injuries.'"

(quoting *Bartel*, 805 F.3d at 174)); *Zeringue*, 846 F.3d at 794 (noting that "[t]he charged conduct [in *Bartel*] was private conduct that implicated no federal interest").

Furthermore, other sections of this court have remanded cases on nearly identical facts. *See Latiolais v. Huntington Ingalls, Inc.*, No. 17-11770, 2018 WL 2078607 (E.D. La. May 4, 2018) (Engelhardt, J.); *Meyers v. Chesterton*, No. 15-292, 2015 WL 2452346 (E.D. La. May 20, 2015), *vacated as moot sub nom. Meyers v. CBS Corp.*, No. 15-30528, 2015 WL 13504685 (5th Cir. Oct. 28, 2015). In *Latiolais*, the plaintiff served as a machinist aboard the USS Tappahannock while the ship was being recommissioned at Avondale. *Id.* at *1. Like Mr. Brady, Latiolais asserted only negligence claims. *Id.* Neither Latiolais nor Avondale produced evidence suggesting that the Navy had issued any orders relating to asbestos safety procedures. *Id.* at *3. Moreover, as in this case, Avondale representatives provided statements that the government did not monitor or enforce safety regulations at Avondale and that safety was the responsibility of Avondale's safety department. *Id.* Because Avondale had not shown government control over its safety practices, Avondale failed to establish the causal nexus element and the district court remanded the case. *Id.* at *3-4.

*Meyers* also involved a plaintiff who served aboard a U.S. Navy ship and alleged asbestos exposure while the ship was being repaired at a shipyard. The court found no causal nexus between the defendants' official actions and the plaintiff's failure-to-warn claim because there was no evidence suggesting that the Navy actually prohibited any warnings related to asbestos. *Meyers*, 2015 WL 2452346, at *6; *see also id.* at *5 ("[T]he causal nexus prong requires a showing of direct government control over warnings, such that the government's 'direction and control directly interfered with the defendant's ability to fulfill its state law obligation to warn employees of safety hazards.'" (quoting *Cole v. Northrop Grumman Ship Sys., Inc.*, 07-3049, 2008 WL 2651428, at *4 (E.D. La. July 7, 2008))).

Here, Avondale presents no evidence suggesting that the Navy had any control over Avondale's safety procedures during the refurbishment of the USS Robert A. Owens. Nor does Avondale point to any government orders prohibiting warnings about the risks of asbestos. Under Fifth Circuit precedent, this dearth of evidence is fatal to Avondale's contention that there was a causal nexus between Avondale's actions under color of federal office and plaintiffs' negligence claims. Because Avondale does not satisfy the causal nexus standard, the Court need not address Avondale's argument that

it has presented a colorable federal defense.[20] Accordingly, the Court finds that Avondale's notice of removal is invalid and that federal jurisdiction does not exist over this matter.

IV. **CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiffs' motion to remand. This case is REMANDED to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this __1st__ day of August, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[20]  R. Doc. 42 at 10-20.